**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LEVI LOLLIS JR<br>42379 PEBBLESTONE AVE<br>PRAIRIEVILLE, LA 70769, | : <br> : <br> : |
| and | : |
| DAVID COOK<br>3305 CORNELL AVE<br>MCALLEN, TX 78504, | : <br> : <br> : |
| | Case No. _____ |
| and | : |
| ROLANDO RODRIGUEZ<br>2248 VIOLET ELLE LN<br>LAKE CHARLES, LA 70607, | : Judge: _____ <br> : <br> : |
| Plaintiffs, | : |
| vs. | : **COMPLAINT (JURY DEMAND ENDORSED HEREON)** |
| CENOVUS ENERGY INC.<br>4100, 225 – 6TH AVENUE SW<br>CALGARY AB T2P 1N2,<br>CANADA, | : <br> : <br> : |
| and | : |
| JOHN DOES, 1 through 100,<br>Identities & Addresses Unknown, | : <br> : |
| Defendants. | |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Now come Plaintiffs, LEVIS LOLLIS JR, DAVID COOK, and ROLANDO RODRIGUEZ (hereafter "Plaintiffs"), by and through counsel, and hereby set forth the following causes of action against the Defendants named herein.

Case: 3:23-cv-00252-JRK Doc #: 1 Filed: 02/08/23 2 of 10. PageID #: 2

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 2 of 10
_____

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

2. Plaintiffs are citizens of Louisiana and Texas and Defendant is a citizen of Canada.

3. The amount in controversy for each Plaintiff exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district.

## INTRODUCTION

5. Plaintiffs bring this suit against Defendants, Cenovus Energy Inc., (hereafter "Cenovus") and John Does (names and number unknown at this time).

6. On or about October 28, 2021, Plaintiff Levi Lollis Jr. (hereafter "Lollis") was working as a pipe fitter at the Cenovus Lima Refinery in Lima, Ohio. Plaintiff David Cook, (hereafter "Cook") was working as a welder at the Cenovus Lima Refinery in Lima, Ohio. Plaintiff Rolando Rodriguez was working as a lead man at the Cenovus Lima Refinery in Lima, Ohio.

7. While Plaintiffs were working, Defendant Cenovus's Operations Team made up of Defendants, John Does, 1 through 100, failed to perform a walkdown during a nitrogen purge, which resulted in hot work being performed next to the end of the line that was open-ended and blowing out gasoline, diesel, and jet fuel. Sparks ignited a combination of jet fuel, gasoline, and diesel and an explosion occurred with a fire ball reaching upwards of 100 feet. Plaintiffs will need to further supplement with

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  3 of 10.  PageID #: 3

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 3 of 10
_____

the identity of the John Does and service addresses once they are able to gather this information from Defendant Cenovous in discovery.

8. The workers on the floors scattered and ran away from the scene. However, Plaintiff Cook was suspended from scaffolding with flames all around him. He was stuck in a harness and had to twist and contort to get free of the harness while dangling above the flames. He dropped three feet to the ground. Plaintiff Lollis was also working on the scaffolding and had to jump from the scaffolding, approximately 13-14 feet to the ground. Plaintiff Rodriguez was also harnessed to and suspended from the scaffolding and had a hard time removing himself from the harness.

9. At the time of the incident, Plaintiff Lollis was an employee of Turnaround Welding Services, which is a contractor company hired by Defendant Cenovus.

10. At the time of the incident, Plaintiff Cook was an employee of Turnaround Welding Services, which is a contractor company hired by Defendant Cenovus.

11. At the time of the incident, Plaintiff Rodriguez was an employee of Brock Construction.

**CLAIM ONE (NEGLIGENCE & GROSS NEGLIGENCE)**

12. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully rewritten herein.

13. Defendant Cenovus owned, occupied, and controlled the facility and area where the explosion occurred, and Plaintiffs were injured.

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  4 of 10.  PageID #: 4

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 4 of 10
_____

14. The condition of the area posed an unreasonable risk of harm to Plaintiffs and others, and Defendant knew, or reasonably should have known, of the unreasonably dangerous condition.

15. Plaintiffs Lollis, Cook, and Rodriguez did not have any knowledge of the unreasonably dangerous condition and were unaware that they were performing hot work next to flammable liquids.

16. Defendant Cenovus negligently failed to ensure the line was not carrying highly flammable liquids all the while knowing that such were not supposed to be in use during hot work.

17. Defendants Cenovus and John Does failed to exercise due care in the maintenance and monitoring of the Cenovus Plant so as to prevent fires, explosions, and the uncontrolled release, or imminent threat thereof, of hazardous substances, odors, and wastes into the environment when Defendant:

    a. Failed to provide a reasonably safe work environment;

    b. Failed to properly maintain and clean the work environment;

    c. Failed to properly inspect the premises;

    d. Failed to properly report safety hazards;

    e. Failed to develop, implement, and/or enforce proper safety policies and procedures;

    f. Failed to properly train and supervise their employees;

    g. Failed to have properly functioning monitors and alarms;

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  5 of 10.  PageID #: 5

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 5 of 10
_____

    h.  Failed to properly maintain, inspect, and service the lines and piping on site;

    i.  Failed to read, understand, and follow published safe work policies and practices;

    j.  Failed to warn of a known hazardous and dangerous condition;

    k.  Violated governmental regulations and standards including, but not necessarily limited to OSHA; and

    l.  Other acts and/or omissions so deemed negligent or grossly negligent.

18. As a direct and proximate result of the negligence of Defendants, Plaintiff Lollis suffered permanent injuries to various parts of his body causing physical pain, mental distress, anxiety, loss of enjoyment of life, physical impairment, and inability to perform ordinary activities, all of which will continue into the future.

19. As a direct and proximate result of the negligence of Defendants, Plaintiff Cook suffered permanent injuries to various parts of his body causing physical pain, mental distress, anxiety, loss of enjoyment of life, physical impairment, and inability to perform ordinary activities, all of which will continue into the future.

20. As a direct and proximate result of the negligence of Defendants, Plaintiff Rodriguez suffered permanent injuries to various parts of his body causing physical pain, mental distress, anxiety, loss of enjoyment of life, physical impairment, and inability to perform ordinary activities, all of which will continue into the future.

21. As a further direct and proximate result of the negligence of Defendants, Plaintiff Lollis incurred reasonable medical expenses for necessary services, property

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  6 of 10.  PageID #: 6

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 6 of 10
_____

damage, as well as other miscellaneous expenses, and will incur further such expenses into the indefinite future.

22. As a further direct and proximate result of the negligence of Defendants, Plaintiff Cook incurred reasonable medical expenses for necessary services, property damage, as well as other miscellaneous expenses, and will incur further such expenses into the indefinite future.

23. As a further direct and proximate result of the negligence of Defendants, Plaintiff Rodriguez incurred reasonable medical expenses for necessary services, property damage, as well as other miscellaneous expenses, and will incur further such expenses into the indefinite future.

24. As a further direct result of the negligence of Defendants, Plaintiff Lollis incurred lost wages and has suffered an impairment of her future earnings capacity.

25. As a further direct result of the negligence of Defendants, Plaintiff Cook incurred lost wages and has suffered an impairment of his future earnings capacity.

26. As a further direct result of the negligence of Defendants, Plaintiff Rodriguez incurred lost wages and has suffered an impairment of his future earnings capacity.

27. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  7 of 10.  PageID #: 7

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 7 of 10
_____

dangers of its conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. Defendants is therefore liable for punitive damages.

28. Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Cenovus be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Cenovus should be held liable under the doctrine of *respondeat superior*.

**CLAIM TWO (STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITY)**

29. Plaintiffs hereby incorporate by reference the proceeding paragraphs as if fully rewritten herein.

30. At all times relevant herein, Defendants' activities in operating, controlling, managing, and/or maintaining the Cenovus Lima Refinery constitute an abnormally dangerous activity, as the operation and maintenance of a refinery creating refined petroleum using highly flammable liquids jet fuel, gasoline, and diesel in a populated area pose serious risk of harm, regardless of the amount of care exercised.

31. As alleged herein, Plaintiffs were seriously harmed as a direct result of Defendants' abnormally dangerous activities in operating and maintaining the Cenovus Lima Refinery.

32. At the time of Plaintiffs' hot work, Plaintiffs did not know and had no reason to know that Defendants stored explosive products in the pipes adjacent to the

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  8 of 10.  PageID #: 8

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 8 of 10
_____

hot work. In addition, Defendants did not notify Plaintiffs or any other member of work crew that explosive products had not been cleared out of the lines.

33. Plaintiffs' harm, as outlined above, was the kind of harm that would be anticipated as a result of the risk created by Defendants' abnormally dangerous activities, specifically the operation and maintenance of a refinery creating refined petroleum using highly flammable liquids jet fuel, gasoline, and diesel refined petroleum in a populated area.

34. Defendants' abnormally dangerous activities resulted in an explosion that emitted debris, ash, toxins, smoke, and other dangerous chemicals into the air. The explosion along with the continuous threat of jet fuel, gasoline, and diesel exposure into the community directly caused the evacuation which deprived Plaintiffs of the enjoyment and use of their ability to operate businesses and work.

35. As a direct and legal result of the wrongful acts set forth herein, Plaintiffs suffered damages as described in the preceding paragraphs.

## CLAIM THREE (PREMISES LIABILITY)

36. Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully rewritten herein.

37. The explosion at Cenovus Lima Refinery that caused Plaintiffs' injuries was solely a result of the negligent actions and/or ultrahazardous condition of the premises, including Defendants' abnormally dangerous activity of storing fuel, gasoline, and diesel in the pipes while hot work was being performed.

___

38. Defendant Cenovus owned, occupied, and controlled the facility and area where the explosion occurred.

39. The condition of the area where the explosion occurred posed an unreasonable risk of harm and Defendants had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiffs did not have actual knowledge of the unreasonably dangerous condition.

40. Plaintiffs were invitees who entered Defendants' premises with Defendants' knowledge and for their benefit. Defendants had a duty to warn Plaintiffs of unreasonably dangerous conditions upon their premises or to make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to warn Plaintiffs of the known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

41. As a result of Defendants' actions and inactions, Plaintiffs sustained the damages as alleged herein.

42. Defendants' actions and inactions were wanton, willful, and demonstrated a reckless disregard for the safety of others thereby justifying an award of punitive damages.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for damages in an amount in excess of seventy-five thousand dollars ($75,000.00), plus interest, prejudgment interest, costs, attorney's fees, expenses and any other relief to which Plaintiffs may be entitled, including punitive damages.

Case: 3:23-cv-00252-JRK  Doc #: 1  Filed: 02/08/23  10 of 10.  PageID #: 10

*Levi Lollis Jr., et al. v. Cenovus Energy Inc. et al.*
COMPLAINT with Jury Demand
Page 10 of 10
_____

Respectfully Submitted,

OLIVER LAW OFFICE

/s/ Jami S. Oliver
Jami S. Oliver (0061738)
7240 Muirfield Drive, Ste. 120
Dublin, OH 43017
Phone: (614) 220-9100
Fax: (866) 318-4580
joliver@oliverattorneys.com
*Trial Attorney for Plaintiffs Lollis, Cook, and Rodriguez*

/s/ M. Paul Skrabanek
Paul Skrabanek, TX Bar No. 24063005*
3701 Kirby Dr., Ste. 760
Houston, TX 77098
Phone: (832) 690-7000
Fax: (832) 616-5576
paul@pstriallaw.com
*Co-Counsel for Plaintiffs Lollis, Cook, and Rodriguez*

*Pro Hac Vice Application forthcoming

## **JURY DEMAND**

Now come Plaintiffs, by and through counsel, and hereby demands a jury to hear the within cause.

/s/ Jami S. Oliver
Jami S. Oliver (0061738)
*Trial Attorney for Plaintiffs Lollis, Cook, and Rodriguez*